UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY E. KING,<br>Inmate No. 14740027,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNNAMED DEFENDANTS,<br><br>　　　　　　　　　　　Defendant. | Civil No.　14cv1972 H (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE UNDER 28 U.S.C. § 1915A**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[Doc. No. 9.]** |

　　　Gary E. King ("Plaintiff"), a state prisoner currently incarcerated at San Diego Central Jail, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On August 29, 2014, the Court sua sponte dismissed the action for failure to either pay the $400 civil filing and administrative fee or submit a motion to proceed in forma pauperis ("IFP") and granted Plaintiff 45 days leave to either pay the filing and administrative fee in full or "file a motion to proceed IFP that includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint." (Doc. No. 2.) On September 25, 2014, Plaintiff filed a motion to proceed in forma pauperis. (Doc. No. 5.) The Court denied the motion because Plaintiff did not submit a certified copy of his trust account statement. (Doc. No. 8.) The Court

dismissed the case pursuant to 28 U.S.C. § 1915(a). (Id.) The Court also explained its obligation to screen the complaint to determine whether it was frivolous. (Id. at fn.1). On October 21, 2014, Plaintiff filed another motion to proceed in forma pauperis. (Doc. No. 9.) He included a copy of his trust account statement. (Id. at 4-6.) On sua sponte screening, the Court dismisses the case under 28 U.S.C. § 1915A. Accordingly, the Court denies the motion to proceed in forma pauperis as moot.

## Discussion

### I. Initial Screening per 28 U.S.C. § 1915A(b)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court reviews complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. § 1915A(a), (c). The Court conducts this review regardless of whether the prisoner prepays filing fees or moves to proceed in forma pauperis. See 28 U.S.C. § 1915A(a). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); Resnick v. Hayes, 213 F.3d 443, 446-47 (9th Cir. 2000).

Plaintiff's complaint is difficult to understand and contains statements that are delusional. For example, Plaintiff alleges that on "June 3, 2009, I was driving down E. 8th Street in National City when I was struck by a thermal nuclear physics blast from a U.S. Govt. satellite." (Doc. No. 1 at 1.) Plaintiff alleges that he was also "struck by a US Govt or military high-tech invisible weapon." (Id. at 2.) A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, Plaintiff's claims are frivolous under § 1915A because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." Neitzke, 490 U.S. at 325, 328. Accordingly, the Court dismisses Plaintiff's complaint as frivolous under 28 U.S.C. § 1915A.

/ / /

## II. Motion to Proceed in Forma Pauperis

Because the Court dismisses the complaint, Plaintiff's motion to proceed in forma pauperis is moot.

### Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's complaint as frivolous. As a result, the Court denies Plaintiff's motion to proceed in forma pauperis as moot. The Court directs the clerk to close the file.

**IT IS SO ORDERED.**

DATED: October 31, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT